IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIZABETH CABASQUINI RIVERA;<br>ELIZABETH RIVERA CRUZ;<br>NORBERTO CABASQUINI RIVERA<br>    Plaintiffs<br><br>            v.<br><br>SPIRIT AIRLINES, INC.; INSURANCE<br>COMPANY XXX<br>    Defendants | Civil No. 20-1173 (ADC) |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(B)(6)**

**To the Hon. Aida Delgado Colón, U.S. District Judge:**

Co-defendant, Spirit Airlines, Inc. ("Spirit"), through the undersigned attorneys, respectfully moves for the dismissal of all claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6):

**I.     Introduction**

Plaintiffs allege they suffered damages for which Spirit is liable because, on September 26, 2018, they were not allowed to remain aboard a flight that was set to fly from Aguadilla, Puerto Rico to Fort Lauderdale, Florida. The Complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6) for two separate reasons. First, plaintiffs' claims are time-barred: Spirit's Contract of Carriage, which plaintiffs agreed to as a condition of traveling on the airline, requires that any legal action be filed within <u>six (6) months</u> of the incident giving rise to the claim, which plaintiffs failed to do. Second, even if the claims were not time-barred, the Complaint should be dismissed because its allegations fail to state a claim under the pleading standard set out in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) and its progeny.[1]

---

[1] Spirit filed its Notice of Removal in this case on April 10, 2020, and served plaintiffs' counsel with copy of the same. Docket Entry 1. The instant Motion to Dismiss for Failure to State a Claim is being filed within the term of seven (7) days provided by Fed.R.Civ.P. 81(c)(2)(C).

## II.     Factual Background

### A.   Plaintiffs' Claims

On February 21, 2020, plaintiffs, Elizabeth Cabasquini Rivera, Elizabeth Rivera Cruz and Norberto Cabasquini Rivera (collectively, "plaintiffs"), instituted this action with the filing of a Complaint in the Court of First Instance of Puerto Rico, Mayagüez Part, Civil Case No. MZ2020CV00248. Docket Entry ("DE"), 1-1. Spirit removed this case to this court on April 10, 2020 because plaintiffs' claims fall entirely within the purview of the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §41713(b)(1). DE 1.

Plaintiffs claim that, on September 26, 2018, they were supposed to take a Spirit Airlines flight from Aguadilla, Puerto Rico to Fort Lauderdale, Florida. Docket Entry ("DE") 1-3, ¶5. However, they claim that, after boarding the flight, Spirit "discriminated against" a minor who was accompanying them, and "removed them" from the aircraft "without providing any explanation or other alternatives to take another flight or travel on another date." DE 1-3, ¶6. They also claim that Spirit "refused" to change plaintiffs to "lower-category seats" which, they say, other passengers were "willing to give up" so that the minor "could sit next to his mother." DE 1-3, ¶7. They claim they suffered economic losses, based on alleged "hotel expenses" and "ticket and rental car deposits." DE 1-3, ¶8. They also claim they suffered "emotional damages" because "it was the first time that [co-plaintiff] Elizabeth Cabasquini Rivera could take her minor son to Disney World." DE 1-3, ¶9.

### B.   Spirit's Contract of Carriage

Every airline, railroad, and cruise line provides its services under the terms of a "Contract of Carriage." This document is the contractual agreement that a traveler enters into with a carrier when they purchase a ticket. Transportation of passengers and baggage on flights operated by

2

Spirit are subject to the terms and conditions set forth in its Contract of Carriage ("COC"). *See* **Exhibit A** to attached Affidavit. By purchasing a ticket or accepting transportation, the passenger agrees to be bound by the terms of the COC. Id. As part of the online booking process, customers must check a box indicating that they agree to Spirit's terms and conditions, including Spirit's COC, as depicted in **Exhibit B** to attached Affidavit.

The COC is also published and publicly available on Spirit's website. *See* attached Affidavit, ¶6.

Section 13.3 of Spirit's COC limits the time in which a passenger can bring a claim against the airline, stating the following: "13.3 Time Limit – **No legal action may be brought by a passenger against Spirit or its directors, officers, employees or agents unless commenced within six (6) months from the date of the alleged incident**." *See* **Exhibit A** to Affidavit, p. 44 (emphasis ours).

**III.    Motion to Dismiss for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6)**

    **A.  Applicable Standard**

Under Fed.R.Civ.P. 12(b)(6), a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" García–Catalán v. U.S., 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed.R.Civ.P. 8(a)(2)). The complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)); Segarra v. Santiago Hernández, 2006 WL 572338 at *3 (D.P.R. 2006) (not reported in F.Supp.2d). When ruling on a motion to

dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's well pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir. 2014) (citing Maloy v. Ballori–Lage, 744 F.3d 250, 252 (1st Cir. 2014)) (internal quotation marks omitted).

However, the court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "To cross the plausibility threshold, the plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556

4

U.S. at 664–664.

**B. Plaintiffs' claims are time-barred as a matter of law because they failed to file them within the time period prescribed by the Contract of Carriage.**

Whether a passenger is bound to a common carrier's disclaimer of liability incorporated in the acceptance of the passenger's ticket turns on the "reasonable communicativeness" test, which was articulated by the First Circuit as follows:

> The basic inquiry is whether, and to what extent, a passenger, who in almost all cases does not actually bargain for a particular term or condition of a contract of passage, but who nevertheless accepts or signs the ticket before embarkation, is bound by the fine print of the ticket...." turns on the question: "[d]oes the contract reasonably communicate to the passenger the existence therein of important terms and conditions which affect legal rights?"

Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 863-64 (1st Cir. 1983)

The "reasonableness" of notice under this test is a question of law to be determined by the court. Shankles, 722 F.2d at 867.

Courts have applied a two-part analysis. Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8 (1st Cir. 1991). First, a court must examine the contract and whether its language and appearance make the relevant provisions sufficiently "obvious and understandable." Id. Second, a court must consider "the passenger's ability to become meaningfully informed of the contractual terms at stake." Id. at 9. This inquiry "does not depend upon actual knowledge of the terms in the contract of passage, but focuses instead on the opportunity for such knowledge." Id. at 11.[2]

In Lousararian, the First Circuit found that a time limitation restriction was valid and the plaintiff's claim should be dismissed as untimely as a matter of law. Id at 9-10. It so found even

---

[2] Courts have found that liability disclaimers passed the "reasonable communicativeness" test and granted motions to dismiss on the pleadings. See e.g., Batiz v. Carnival Corp., 915 F. Supp. 2d 231, 234 (D.P.R. 2012).

5

though the plaintiff denied receiving the portion of the ticket booklet that contained the limitations provision. Id. The court reasoned that the plaintiff in that case could not have gained entry on the ship without a ticket. Id. Although the court acknowledged the contract in that case was "not a model of clarity," and a common carrier "should strive to be as comprehensible as possible in alerting passengers to contractually imposed limitations on legal rights," the contract was sufficiently clear because "the standard is one of reasonableness, not perfection." Id at 10.

The situation at bar is highly similar to the one faced by the Massachusetts district court in Covino v. Spirit Airlines, 406 F.Supp.3d 147 (D. Mass 2019). In that case, the plaintiff filed a claim against Spirit because a flight attendant had "stopped her" from using the lavatory "by yelling, cursing and blocking her passage." Covino, at p. 147. The Covino court was faced with the same argument raised here by Spirit as to the timeliness of the claim and with the same text of Section 13.3 of the COC. After citing Shankles and Lousararian, *supra*, it held that Spirit provided adequate notice to the plaintiff, as well as an opportunity to become aware of the contents of the COC. Covino, at pp. 151-153. The Covino court's conclusion, thus, applies with full force to this case: "Spirit's online ticketless booking system reasonably provided [plaintiffs] notice of the existence of important legal rights incorporated by reference in Spirit's contract of carriage, including its limitation of liability requiring all claims against Spirit to be brought within six months." Id.

Note that the plaintiff in Covino argued that state law prohibited "contractually shortened limitations period," but the court promptly rejected that argument for the following reasons:

> A limitation on the period during which a passenger must bring a claim against an airline carrier is … preempted by the ADA with respect to airline services as discussed above and expressly authorized by DOT regulations. 14 C.F.R. §253.5(b)(2). **Consequently, such limitations cannot be displaced by state**

6

>**law**. See, e.g., Miller v. Delta Air Lines, Inc., No. 4:11-cv-10099, 2012 U.S. Dist. LEXIS 48294, 2012 WL 1155138, *4 (S.D. Fla. Apr. 5, 2012) ("Plaintiff cannot use Florida law to expand Delta's undertaking in the Contract of Carriage by exposing it to claims made within five years, rather than the one-year expressly provided in the Contract of Carriage."); O'Connell v. Paquet Cruises, Inc., No. 88-1481-MC, 1989 U.S. Dist. LEXIS 8374, 1989 WL 83205, *2 (D. Mass. July 7, 1989) (enforcing a cruise ship's contractually shortened claim limitations period incorporated by reference in its contract of carriage). Consequently, the six-month limitations period in Spirit's COC, which was properly incorporated by reference through Spirit's online "ticketless" booking system, applies to plaintiff's claims.

Covino, pp. 153-154 (emphasis ours)

So, too, here. The time limitation provision of Spirit's COC is clear and easy to understand on its face, and passengers have ample opportunity to become informed as to the specific terms of the contract since they are required to indicate their assent as part of the booking process. The alleged incident occurred on September 26, 2018, but plaintiffs did not file their legal action in state court until February 21, 2020, well after the 6-month limitations period. Accordingly, the Complaint should be dismissed with prejudice.

### C. Assuming, *arguendo*, that plaintiffs' claims were not time-barred, the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) because it fails the Iqbal test.

Plaintiffs' allegations are limited to the following: they were "removed" from a flight because Spirit "discriminated" against a "minor" who was accompanying them, and Spirit did so "without providing any reason or explanation" despite the fact that "other passengers" were allegedly "willing to give up their seats" so that "the minor could sit next to his mother." That is the only conduct that plaintiffs impute to Spirit in this case.

The sufficiency of plaintiffs' allegations must be evaluated in the context of the wide discretion that courts have afforded airlines in how they conduct their operations. "[T]he airline

7

industry must be accorded great leeway and discretion in determining the manner in which it may be operated most safely." Murnane v. American Airlines, Inc., 667 F.2d 98, 101 (D.C. Cir. 1981), citing Usery v. Tamiami Trail Tours, Inc., 531 F.2d 224, 236 n. 30 (5th Cir. 1976). Indeed, while not unfettered, "[t]he discretion given an airline to refuse to transport a passenger is 'decidedly expansive.'" Hansen v. Delta Airlines, 2004 U.S. Dist. LEXIS 4150, p. 31, 2004 WL 524686 (N.D. Ill. Mar. 17, 2004), citing Rubin v. United Airlines, Inc., 96 Cal.App.4th 364, 367 (2002) and O'Carroll v. American Airlines, Inc., 863 F.2d 11, 12 (5th Cir. 1989). "This deference to the airline's judgment is understandable in light of the fact that the airline must often make such decisions on the spur of the moment, shortly before the plane takes off, and therefore without the benefit of complete and accurate information." Doe v. Delta Airlines, Inc., 129 F.Supp.3d 23, 39 (S.D.N.Y. 2015) (citations omitted).

In the instant case, for starters, the allegation of "discrimination" against the minor (who is not even a plaintiff) is entirely conclusory and should thus be disregarded by the court. There are no facts supporting the alleged "discrimination" against the minor, much less an identification of what was the alleged basis, if any, to discriminate against him. Moreover, plaintiffs fail to identify the illegal act(s), if any, in which Spirit allegedly engaged here, let alone provide any facts to support an inference that Spirit engaged in misconduct sufficient to assert a legal claim and/or to entitle them to any relief. They claim they suffered economic damages pertaining to "hotel reservations" and "tickets," but fail to link such losses to any misconduct by Spirit. Even worse, although there are three plaintiffs, they fail to specify who (if any of them) bore the cost of those alleged economic damages. They further claim $40,000.00 in emotional damages because it was "the first time" that one of the plaintiffs could take her minor son "to Disney World." Once again, plaintiffs fail to link the alleged emotional damages to any illegal

8

conduct identified in the Complaint, let alone specify on behalf of which plaintiff, if any of them, such damages are being sought.

In sum, plaintiffs have failed to show that they are "entitled to relief,'" García–Catalán, *supra*, nor the elements necessary "to sustain recovery under some actionable theory." Romero-Barceló, *supra*. Much less have they pleaded facts that would allow the court "to draw the reasonable inference that [Spirit] is liable for the misconduct alleged," let alone identify any such misconduct. Iqbal and Cooper, *supra*.

Accordingly, even assuming that plaintiffs' Complaint was timely filed, it should be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## IV. Conclusion

For the reasons briefed herein, Spirit respectfully requests the dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

**Respectfully Submitted**, this 17th day of April, 2020.

**Certificate of Service**: We certify that, on this day, the foregoing was served electronically on plaintiffs' counsel, Norana Sánchez Alvarado, despacholegalnsa@gmail.com.

*Attorneys for Spirit Airlines*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434; Fax: (787) 523-3433
jcasillas@cstlawpr.com
jnieves@cstlawpr.com

*s/JUAN J. CASILLAS AYALA*
USDC PR NO. 218312

*s/JUAN C. NIEVES GONZÁLEZ*
USDC PR No. 231707